FILED
United States Court of Appeals
Tenth Circuit

April 11, 2025

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTHONY DAVID TEAGUE,

    Defendant - Appellant.

Nos. 24-2178 & 25-2015
(D.C. Nos. 2:07-CV-00326-RB-LCS,
2:03-CR-01133-RB-GBW-1 &
21-CV-0901-RB-DLM)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

Anthony David Teague, a federal prisoner proceeding pro se, requests a certificate

of appealability (COA) to appeal from the district court's denial of his Federal Rule of

Civil Procedure 60(b)(4) motions challenging the denial of his 28 U.S.C. § 2255 motion.

We deny a COA and dismiss this matter.

**BACKGROUND**

Teague was convicted of one count of making interstate threats, in violation of

18 U.S.C. § 875(c). *See United States v. Teague*, 443 F.3d 1310, 1311 (10th Cir. 2006).

He filed a § 2255 motion in 2007. After the government responded, attaching an

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

affidavit, Teague did not reply.  Several weeks later, the magistrate judge issued proposed findings and a recommended disposition (PFRD).  Teague did not file objections, but he submitted other filings that the district court liberally construed as objections.  The district court overruled his objections and dismissed the § 2255 proceeding.  Teague did not appeal.

Teague has filed numerous motions in the years since the district court denied his § 2255 motion.  As relevant here, in June 2022 he filed a Rule 60(b)(4) motion, which he later amended and supplemented.  His filings asserted that the district court denied him procedural due process in the § 2255 proceeding when it failed to solicit a reply from him and failed to direct him to amend his § 2255 motion before the magistrate judge entered the PFRD.

The district court denied Teague's motions on December 12, 2023.  It concluded that the judgment in the 2007 § 2255 proceeding was not void for lack of notice that Teague could file a reply because "Teague has not offered, nor has the Court discovered, authority that conflates the right to be heard with the right to receive an express invitation to submit further filings."  R. vol. 1 at 190.  The court noted that "[t]he local rules in this Court have always permitted litigants to file a reply brief in connection with a written response."  *Id.*  It further held that even if the court's failure to advise Teague to file a reply constituted a due process violation, it was harmless because the magistrate judge did not rely on the affidavit attached to the government's response in recommending that the district court deny relief.  And it noted that Teague's description of what he would have done if the court had advised him to file a reply—that he would have sought leave

2

to amend and asserted a better ineffective-assistance argument—"is highly speculative and does not establish grounds for relief under Rule 60(b)(4)." *Id.* at 192.

Shortly thereafter, Teague filed several more motions. Some sought to alter or amend the order entered on December 12, 2023. Another was a new Rule 60(b)(4) motion targeting the denial of his § 2255 motion. Both sets of motions asserted that Teague was denied due process in the § 2255 proceeding because he was entitled to notice under Federal Rules of Civil Procedure 12 and 56 before the magistrate judge entered the PFRD. The district court denied the motions on January 22, 2025. It stated that the December 2023 decision "contains an exhaustive analysis on why the 2007 habeas ruling is not void under Rule 60(b)(4) or (b)(6). Having carefully considered the Instant Motions, the Court finds none of the new arguments change that analysis." R. vol. 1 at 214.

Appeal No. 24-2178 arises out of the December 2023 order, and Appeal No. 25-2015 arises out of the January 2025 order. We consolidated the two matters for all procedural purposes, including briefing and submission to the court.

## DISCUSSION

To appeal from the district court's denial of his Rule 60(b) motions, Teague must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *Spitznas v. Boone*, 464 F.3d 1213, 1217-18 (10th Cir. 2006). To do so, he must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Teague proceeds pro se, we construe his filings liberally, but we do not act as his advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

Rule 60(b)(4) allows the court to relieve a party if "the judgment is void." "[A] void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010). "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* at 271. The rule "has no fixed time limit for filing." *Bartch v. Barch*, 111 F.4th 1043, 1054 (10th Cir. 2024).

Teague claims that the district court mischaracterized all the motions he filed after the December 2023 order as made under Rule 59(e) or 60(b)(1), when at least one of his motions was made under Rule 60(b)(4). But even if reasonable jurists would debate the district court's characterization of one or more of the second set of motions, they would not debate whether Teague was entitled to relief under Rule 60(b)(4).

Teague argues that he was denied due process in the 2007 § 2255 proceeding when "the court treated the Government's response and attached affidavit as a summary judgment motion, but did not provide notice to the appellant that it was doing so and the consequences of default if he failed to respond." Aplt. Opening Br./Appl. for COA at CM/ECF p. 5-6. He further claims "that he also had right to notice under Fed. R. Civ. P.

4

12(b)." Aplt. Amend. to Opening Br. at 1. And he states that "[h]ad he been properly noticed, he could have and would have amended his motion to include a meritorious [ineffective assistance of trial counsel] claim." Aplt. Opening Br./Appl. for COA at CM/ECF p. 6.

"Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Espinosa*, 559 U.S. at 272 (internal quotation marks omitted). The district court found that the court's rules gave notice that a reply would be allowed and that the filings were mailed to Teague's correct address of record. Teague does not dispute these points. Reasonable jurists thus would not debate whether he was afforded notice and an opportunity to respond.

We infer from Teague's citations to Rules 56 and 12(b) and his assertion that the magistrate judge relied on the affidavit attached to the government's response, that he invokes the principle that "the sufficiency of a complaint [under Rule 12(b)(6)] must rest on its contents alone," and except in limited circumstances, if a district court looks outside the contents of the complaint, "it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties," *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Even assuming that this principle applied in the 2007 § 2255 proceeding, however, reasonable jurists would not debate whether the court's failure to affirmatively invite Teague to file a reply did anything beyond "deprive[] [him] of a right granted by a procedural rule." *Espinosa*, 559 U.S. at 272.

5

Such a deprivation does not amount to a lack of due process where a party otherwise has notice and an opportunity to respond. *See id.*

## CONCLUSION

We deny a COA and dismiss this matter. We grant Teague's motion to proceed without prepayment of costs and fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk